UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARK KELLY PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:12-cv-69-RLY-WGH |
| | ) |
| NEXSTAR BROADCASTING GROUP, INC., | ) |
| MISSION BROADCASTING, INC., | ) |
| GILMORE BROADCASTING CORPORATION, | ) |
| and NEXSTAR BROADCASTING, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO QUASH SUBPOENA, IN PART**

This matter is before the Honorable William G. Hussmann, United States Magistrate Judge, on the Motion to Quash Subpoena, in Part, filed by Plaintiff on February 12, 2013. (Docket No. 41). A Response was filed by Defendant Nexstar Broadcasting, Inc., on February 27, 2013. (Docket No. 43).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the motion to quash.

The issue before the court is whether Plaintiff should be required to disclose the bills or invoices for legal services rendered by Mark K. Phillips, Attorney at Law, a Professional Corporation, during the period from January 1, 2008, to the present. Plaintiff objects because "the requested information is privileged" and "not relevant" to the subject matter herein, and there is no discoverable information to be gained from these disclosures.

The relevancy objection is overruled. Although Plaintiff has agreed to disclose federal and state tax information, the disclosure of the bills or invoices is relevant to ascertain that the information found in the tax returns is accurate. Additionally, it is relevant to whether or not there has been a significant change in the nature or types of services the Plaintiff may perform for his legal clients as a result of the publication at issue in this lawsuit.

With respect to the question of whether the information is privileged, the request only seeks the production of bills or invoices for legal services. Most courts which have addressed the issue have found that billing statements are discoverable. *See, for example, Pandick, Inc. v. Rooney*, 1988 WL 61180 (N.D. Ill. 1988), and *U.S. v. Keystone Sanitation Co.*, 885 F.Supp. 672, 675 (N.D. Pa. 1994). However, these cases do caution that some redaction of the bills may be necessary if the invoices reveal litigation strategy and/or the nature of services performed.

In this particular case, the redaction should only be as to issues which reveal litigation strategy. One issue that may be before the court is whether the nature of services which Plaintiff is allowed to perform for clients has changed substantially because of the allegation published. The nature of the services performed may, in this case, be relevant to the extent of the damages. Plaintiff should redact information revealing strategy or information concerning the nature of services only as necessary to protect his clients from unusual embarrassment. No other redactions should be employed.

The items should be produced within fifteen (15) days of the date of this order.

**SO ORDERED.**

**Dated:**  March 6, 2013

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**